·STATE, JOHN REYNOLDS ET AL., PROSECUTORS, v. THE MAYOR AND ALDERMEN OF THE CITY OF PATERSON, DEFENDANTS.

·Certain sewer taxes were assessed in the city of Paterson, under section 131 of the city charter, upon each lot fronting or adjoining a street through which a sewer had been constructed, at a sum per lineal foot of frontage, equal to three and a half per centum of the average cost per lineal foot of all sewers and drains constructed subsequently to the year 1868, in the drainage district wherein such lot is situated —*Held* invalid,

(1) Because, as ordinary property taxes, they are in conflict with the ·constitution, inasmuch as they are not assessed according to the true value of the property.

· (2.) Because, as improvement assessments, they are not imposed for and within the limits of special benefits derived from the improvement.

---

·On *certiorari*.

The writ in this case brings up for review certain taxes ·called " sewer taxes," assessed upon the lands of the prosecutors, in the city of Paterson, in and for the year 1885.

These taxes were assessed under, in pursuance of and according to the one hundred and thirty-first section of the present charter of said city, passed in 1871, as amended in 1874. *Pamph. L.* 1871, *p.* 860; *Pamph. L.* 1874, *p.* 467.

The one hundred and thirty-first section of said charter reads as follows :

" That on or before the second Monday in June, in the year eighteen hundred and seventy-one, and annually there-

after, it shall be the duty of the board of estimates and assessments to estimate the average cost per lineal foot of all sewers and drains constructed in the several drainage districts of said city, subsequently to the year eighteen hundred and sixty-eight, and up to the time of making such annual estimate, and to transmit a certified statement of such estimate to the department of finance; and in making the annual enumerations, valuations and assessments for taxes in such year, the commissioners of assessment and revision of taxes shall, in a separate column of their assessment books, assess upon each lot fronting on or adjoining a street through which a sewer or drain has been constructed up to that time, a sum per lineal foot of frontage, equal to three and a half per centum of the average cost per lineal foot of all sewers and drains constructed subsequently to the year eighteen hundred and sixty-eight, in the drainage districts wherein such lot is situated, estimated as aforesaid."

Argued at June Term, 1886, before Justice DIXON, by consent of parties.

For the prosecutors, *G. S. Hilton* and *H. A. Williams.*

For the defendant, *Francis Scott.*

DIXON, J.    These taxes cannot be sustained. As ordinary property taxes, they are in conflict with art. IV., § 7, ¶ 12, of the state constitution, inasmuch as they are not assessed according to the true value of the property. As improvement assessments, they are invalid because not imposed for and within the limits of special benefits derived from the improvement. *Jersey City* v. *Vreeland,* 14 *Vroom* 638.

The case agreed upon does not show the existence of any facts which warrant the inference that the property owners have entered into a contract with the city to pay the sums assessed in consideration of the use of the sewers, so as to bring the case within the decision in *Vreeland* v. *Jersey City,* 10 *Stew. Eq.* 574.

Hence the taxes must be adjudged illegal, and, I think, the prosecutors should be awarded their costs, since there was no other mode of redress for them than by these proceedings.

Whether the property in question has ever been assessed for these sewers, or whether there is any legislation justifying its taxation or assessment therefor is not made clear, so as to call for the exercise of the power of the court under the act of March 23d, 1881. *Pamph. L.* 1881, *p.* 194. But if the city authorities shall be advised that they are entitled to some redress by reason of that statute, application therefor may be made to the Supreme Court during its coming term. In case no such application be made, a rule may be entered setting aside the taxes now under review, with costs.